In the Matter of the Application of The People of the State of New York, by George S. Van Schaick, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of Bond and Mortgage Guarantee Company. In the Matter of the Application of City Bank Farmers Trust Company (Petitioner) for Certain Relief against Hon. George S. Van Schaick, Superintendent of Insurance of the State of New York, as Rehabilitator of Bond and Mortgage Guarantee Company (Respondent), Respecting Bond and Mortgage of Henry M. Hahn, Guaranteed by Bond and Mortgage Guarantee Company.*— Submission of controversy upon an agreed statement of facts under sections 546–548 of the Civil Practice Act. Upon the agreed statement of facts, judgment directed for Bond and Mortgage Guarantee Company, adjudging that the petitioner, City Bank Farmers Trust Company, is not entitled to the relief stated in the submission, without costs. It appears that the City Bank Farmers Trust Company (called the bank), as trustee for one Felt, is the owner of a mortgage of $5,000 which became due on May 14, 1934, and is unpaid. Payment of the principal and interest at the rate of five and one-half per cent per annum was guaranteed by the Bond and Mortgage Guarantee Company (called the guarantee company) of which the State Superintendent of Insurance is now the rehabilitator. There has been no default in the payment of interest or taxes, and no demand has

---

* Revd., 267 N. Y. 419.

been made by the bank upon the guarantee company for payment of the principal. After such a demand, the guarantee company has eighteen months, under the policy, in which to make payment of the principal. Under the terms of the policy, the guarantee company was made the irrevocable agent of the bank to collect interest and principal, and was permitted to retain one-half of one per cent of the interest for servicing the mortgage. Although there has been no default on the part of the guarantee company, the bank has requested a cancellation of the agency, and offers to relieve the guarantee company from further liability under the policy, for the purpose of dealing directly with the mortgagor for an extension of said mortgage. In our opinion, this the bank cannot do. The right of the guarantee company to retain the one-half of one per cent interest is a property right, and the agency is irrevocable as long as there is no default on the part of the guarantee company. The guarantee company is not in liquidation, and may be rehabilitated, and continue its business, in which event its creditors and stockholders will be entitled to the benefits of said guaranty agreement. Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., and Young, J., dissent and vote for the direction of a judgment in favor of City Bank Farmers Trust Company as requested in the submission, with the following memorandum: The right of the guarantee company to collect interest exists, not until it meets its eighteen months' guaranty, but until the mortgage is paid. If at the end of the mortgage term the mortgage is not paid, and the guarantee company takes no steps to enforce payment, it would be guilty of a breach of its duty as agent and surely could not claim the right to continue the collection of interest. Under the emergency laws it cannot collect the principal, although it is due. Its inability to collect because of *vis major* should give it no greater rights than where it refuses to collect. It would be inequitable to deny the mortgagee the privilege of handling his mortgage where the guarantee company is unable to protect him. Furthermore, the Superintendent of Insurance, as rehabilitator, is, in effect, a temporary receiver, acting under the direction of the court. His presence indicates doubt that the guarantee company will be able to meet its guaranties. If the agency survives, the mortgagee gives to the guarantee company, through the Superintendent of Insurance, a certainty, while in return he is faced with a possible loss. The court should not, under the circumstances, compel a continuance of the agency, especially since the mortgagee is willing to relieve the guarantee company of its obligation.